Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back                    Location : Fort Bend   Images Help

# REGISTER OF ACTIONS
## CASE NO. 16-DCV-236544

| | |
|---|---|
| Manuel Canizales vs Allstate Vehicle and Property Insurance Company and Anthony Lipari | §<br>§<br>§<br>§<br>§ |

Case Type: **Contract -**
**Consumer/Commercial/Debt**
Date Filed: **10/26/2016**
Location: **240th District Court**

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant or Respondent | **Allstate Vehicle and Property Insurance Company**<br>Dallas, TX 75201-3140 | **Bradford K Burdette**<br>*Retained*<br>214-871-8200(W) |
| Defendant or Respondent | **Lipari, Anthony**<br>Conroe, TX 77385 | **Bradford K Burdette**<br>*Retained*<br>214-871-8200(W) |
| Plaintiff or Petitioner | **Canizales, Manuel**<br>Houston, TX 77036 | **Robert C. Lane**<br>*Retained*<br>713-595-8200(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 10/26/2016 | Docket Sheet<br>*Docket Sheet* | | |
| 10/26/2016 | Petition    Doc ID# 1<br>*Plaintiff's Original Petition* | | |
| 10/26/2016 | Case Information Sheet<br>*Civil Case Information Sheet* | | |
| 10/26/2016 | Request    Doc ID# 2<br>*Request Process Form* | | |
| 10/26/2016 | Jury Fee Paid<br>*Jury Demand* | | |
| 10/28/2016 | Issuance    Doc ID# 3<br>*Citation Issued to Anthony Lipari* | | |
| 10/28/2016 | Citation<br>*Hold for Attorney Pick Up* | | |
| | Lipari, Anthony | Served<br>Returned | 11/15/2016<br>11/16/2016 |
| 10/28/2016 | Issuance    Doc ID# 4<br>*Citation Issued to Allstate Vehicle and Property Insurance Company* | | |
| 10/28/2016 | Citation<br>*Hold for Attorney Pick Up* | | |
| | Allstate Vehicle and Property Insurance Company | Served<br>Returned | 11/02/2016<br>11/11/2016 |
| 10/28/2016 | Letters<br>*Attachment Letter* | | |
| 11/11/2016 | No Fee Documents    Doc ID# 5<br>*Return of Service* | | |
| 11/16/2016 | Affidavit    Doc ID# 6<br>*Return of Service - Anthony Lipari* | | |
| 12/05/2016 | Answer/Contest/Response/Waiver    Doc ID# 7<br>*Answer/Response* | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Defendant or Respondent** Allstate Vehicle and Property Insurance Company | | | |
| Total Financial Assessment | | | 2.00 |
| Total Payments and Credits | | | 2.00 |
| **Balance Due as of 12/05/2016** | | | **0.00** |
| | | | |
| 12/05/2016 | Transaction Assessment | | 2.00 |
| 12/05/2016 | E-filing | Receipt # 2016-68566-DCLK    Allstate Vehicle and Property Insurance Company | (2.00) |

| | | |
|---|---|---|
| **Plaintiff or Petitioner** Canizales, Manuel | | |
| Total Financial Assessment | | 417.00 |
| Total Payments and Credits | | 417.00 |

EXHIBIT
B
tabbies

**Balance Due as of 12/05/2016**                                                                     0.00

| Date | Transaction | Receipt | Name | Amount |
|------|-------------|---------|------|--------|
| 10/26/2016 | Transaction Assessment | | | 413.00 |
| 10/26/2016 | E-filing | Receipt # 2016-60937-DCLK | Canizales, Manuel | (413.00) |
| 11/14/2016 | Transaction Assessment | | | 2.00 |
| 11/14/2016 | E-filing | Receipt # 2016-64510-DCLK | Canizales, Manuel | (2.00) |
| 11/16/2016 | Transaction Assessment | | | 2.00 |
| 11/16/2016 | E-filing | Receipt # 2016-65466-DCLK | Canizales, Manuel | (2.00) |

16−DCV−236544
DDSH
Docket Sheet
4461109

**DOCKET**

CAUSE NO. 16-DCV-236544

| COURT NO. | STYLE OF CASE | ATTORNEYS | TYPE OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| **240TH JUDICIAL DISTRICT COURT** | MANUEL CANIZALES VS ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND ANTHONY LIPARI | ROBERT C. LANE | Contract - Consumer/Commerci al/Debt | MONTH | DAY | YEAR |
| STENOGRAPHER USED? | | THE LANE LAW FIRM PLLC 6200 SAVOY DRIVE SUITE 1150 HOUSTON TX 77036-3300 | | 10/26/2016 | | |
| YES | NO | | | | | |
| | | 713-595-8200 | | JURY FEE: 10/26/2016 | | |
| | | | | PAID BY: **Pltf Atty - Robert Lane** | | |

| DATE OF ORDERS | | | ORDERS OF COURT |
|---|---|---|---|
| MONTH | DAY | YEAR | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

tabbies®

EXHIBIT

b-1



CAUSE NO. 16-DCV-236544
MANUEL CANIZALES VS ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND ANTHONY LIPARI

DATE OF ORDERS

| MONTH | DAY | YEAR |
|-------|-----|------|



Filed
10/26/2016 11:24:37 AM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Michelle Jensen

CAUSE NO. **16-DCV-236544**

| | | |
|---|---|---|
| **MANUEL CANIZALES** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE COMPANY** | § | |
| **AND ANTHONY LIPARI** | § | Fort Bend County - 240th Judicial District Co |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Manuel Canizales (hereinafter "Plaintiff"), by and through the undersigned counsel, files this *Plaintiff's Original Petition*, complaining of Allstate Vehicle and Property Insurance Company ("Allstate" or "Defendant") and Anthony Lipari ("Adjuster" or "Defendant") (collectively "Defendants"), and would respectfully show this Honorable Court the following:

### I.
### DISCOVERY PLAN

1.   Plaintiff intends discovery to be conducted under Level 3 of the Texas Rules of Civil Procedure, Rule 190.4.

### II.
### PARTIES

2.   Plaintiff is an Individual that owns real property in Montgomery County, Texas.

3.   Defendant is an insurance company engaging in the business of insurance in the State of Texas.  This Defendant may be served with process by certified mail, return receipt requested, by serving its Registered Agent, C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.  Service is hereby requested.

**EXHIBIT**
**B-2**

4.   Defendant Anthony Lipari ("Adjuster") is an individual licensed and engaged in practice as an insurance adjuster. Lipari may be served with process through certified mail, return receipt requested, at his place of residence, located at 8101 Tranquil Lake Way Conroe 77385. Service is hereby requested.

### III.
### JURISDICTION AND VENUE

5.   This Court has subject matter jurisdiction over this action because Plaintiff seeks damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another court.

6.   This Court has jurisdiction over Defendant because this Defendant is an insurance company that engages in the business of insurance in Texas, and Plaintiff's causes of action arise out of this defendant's business activities in Texas.

7.   This Court has jurisdiction over Defendant Anthony Lipari because this Defendant is a Texas resident, and Plaintiff's causes of action arise out of this defendant's activities in Texas.

8.   Venue is proper under Texas Civil Practice and Remedies Code § 15.001 *et. seq.* because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Montgomery County, Texas. Furthermore, venue is proper in Montgomery, County, Texas under Texas Civil Practice and Remedies Code § 15.032 because the insured property is located in this county.

## IV.
## FACTUAL BACKGROUND

9.  Plaintiff is the owner of a Texas Homeowner's Insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant.

10.  Allstate sold and issued Plaintiff the Policy insuring the Property against damages caused by hail, windstorm and other covered perils.

11.  On or about April 18, 2016, Plaintiff owned real property with improvements located at 22864 Cumbre Drive, Porter, Texas 77365, located in Montgomery County (hereinafter referred to as "the Property").

12.  On or about April 18, 2016, the Property described above sustained severe damages to the roof due to the direct force of wind and hail.  As a result, the interior of the Property and Plaintiff's contents sustained water damage.

13.  Plaintiff duly notified Allstate of the damage sustained, and asked that Defendant pay for damages to the Property and other damages covered by the terms of the Policy.

14.  Allstate then assigned Plaintiff Claim No. 0410222327 (hereinafter "the Claim").

15.  After its investigation, Allstate ultimately denied the loss incredulously concluding that the property sustained no damage as a result of a covered peril, despite reasonably clear evidence of wind and hail damage that was at all times present during Allstate's claim investigation.

16.  As set forth below, Allstate failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling Plaintiff's Claim by:

    a)  Wrongfully denying Plaintiff's Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiff is claiming;

    b)  Underpaying some of Plaintiff's Claim by not providing full coverage for damages sustained to the Property;

c)   Improperly and inadequately scoping the damages to the Property during Defendant's investigation; and

d)   Continuing to delay in the payment of damages to the Property, including the roof, interior and contents.

17.   Additionally, Allstate breached its contractual obligation to Plaintiff by continuing to refuse to adequately compensate Plaintiff for the damage to the Property pursuant to the terms of the Policy. Notably, Allstate refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in an amount sufficient to cover the damage to the Property was made.

18.   Plaintiff complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

19.   Allstate continues to delay in the payment of the damage to the Property despite Plaintiff's requests. Accordingly, Plaintiff has still not been paid in full for the damages to the Property.

20.   As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain legal counsel to represent Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION

**BREACH OF CONTRACT** (against Allstate)

21.   Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

22.   Although Plaintiff fully cooperated with Allstate, and despite the fact that all conditions precedent to recovery have been performed, waived, excused, or otherwise satisfied, Allstate has failed and refused to pay to Plaintiff the benefits due under the Policy/contract

of insurance in question, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

23. Plaintiff has been required by the actions of Allstate to retain the services of undersigned counsel and has agreed to pay undersigned counsel reasonable attorney's fees.

24. Allstate's breach proximately caused Plaintiff's injuries and damages.

**UNFAIR SETTLEMENT PRACTICES** (against Allstate and Adjuster)

25. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

26. Allstate violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices during the handling of the claim. All of Allstate's violations are actionable pursuant to TEX. INS. CODE § 541.151.

27. Allstate engaged in the following unfair settlement practices:

a) Pursuant to TEX. INS. CODE § 541.060(a)(1), misrepresenting to Plaintiff material facts or Policy provisions relating to the coverage at issue by indicating that the damage to the Property was not covered under the Policy even though it was reasonably clear that the damage was caused by a covered peril.

b) Pursuant to TEX. INS. CODE § 541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Allstate's liability under the Policy was reasonably clear. Specifically, Allstate failed to make an attempt to settle the Claim fairly despite the fact that Defendant was aware of its liability to Plaintiff under the Policy.

c) Pursuant to TEX. INS. CODE § 541.060(a)(3), failing to promptly provide Plaintiff with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for Allstate's denial of the claim or offer of a compromise settlement of the Claim. Specifically, Allstate failed to offer Plaintiff adequate compensation for damages to the Property without *reasonable* explanation as to why full payment was not being made.

d) Pursuant to TEX. INS. CODE § 541.060(a)(7), refusing to pay Plaintiff's Claim without conducting a *reasonable* investigation with respect to the Claim. Allstate's outcome-oriented investigation of the Claim resulted in an unfair evaluation of the damage to Plaintiff's Property.

28. Each of the foregoing unfair settlement practices was committed with knowledge by Allstate, and was a producing cause of Plaintiff's injuries and damages.

**ADJUSTER DEFENDANT**

29. Lipari was assigned by Allstate Vehicle and Property Insurance Company to evaluate Plaintiff's claim, and was directed to investigate the claim and communicate with Plaintiff about the policy and its terms.

30. Lipari is independently liable for his unfair and deceptive acts, despite the fact that he was acting on behalf of the insurance carrier, because he is a "person" as defined by Tex. Ins. Code § 541.002(2). The term person is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor." Tex. Ins. Code § 541.002(2); *See also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482,484 (Tex. 1998); *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007).

31. Lipari was required to conduct a thorough investigation of Plaintiff's claim, to include fully quantifying the damage done to Plaintiff's property, the cause, and whether the loss was covered.

32. After investigation, however, Lipari issued a report and claim decision that failed to fully quantify the damage done to Plaintiff's property and failed to recommend that Plaintiff's loss was covered under the Policy, despite reasonably clear evidence to the contrary.

33. This failure demonstrates that Lipari did not conduct a thorough investigation of the Claim.

34.   By failing to properly investigate this Claim and recommending denial, Lipari engaged in

unfair settlement practices by misrepresenting material facts (the true value of the covered

loss and coverage) to Plaintiff.

35.   Moreover, Lipari's claim explanation was unreasonable in that misrepresented coverage

and the true scope and amount of the claim, despite reasonably clear evidence of covered

damages warranting the extension of coverage.

36.   Lipari engaged in the following unfair settlement practices:

a)   Pursuant to TEX. INS. CODE § 541.060(a)(1), misrepresenting to Plaintiff material
facts or Policy provisions relating to the coverage at issue by indicating that the
damage to the Property was not covered under the Policy even though it was
reasonably clear that the property sustained damage as the result of a covered peril;

b)   Pursuant to TEX. INS. CODE § 541.060(a)(2)(A), failing to attempt in good faith to
effectuate a prompt, fair, and equitable settlement of the Claim, even though the
liability under the Policy was reasonably clear.  Specifically, the property exhibited
obvious conditions indicative of damage due to wind and hail, making liability for
coverage under the policy reasonably clear. Despite this reasonably clear evidence
of liability under the policy, Lipari failed to make an attempt to settle the Claim
fairly and instead denied the claim in its entirety;

c)   Pursuant to TEX. INS. CODE § 541.060(a)(3), failing to promptly provide Plaintiff
with a *reasonable* explanation of the basis in the Policy, or in relation to the facts or
applicable law, for denial of the claim or offer of a compromise settlement of the
Claim.    Specifically, Lipari's claim explanation was unreasonable in that it
misrepresented coverage and the true scope and amount of the claim, despite
reasonably clear evidence of covered damages warranting the extension of
coverage under the policy; and

d)   Failing to conduct a reasonable investigation of Plaintiff's Claim pursuant to Tex.
Ins. Code § 541.060(7).  Specifically, Lipari conducted an outcome-oriented
investigation of the Claim that resulted in an unfair evaluation of the damage to
Plaintiff's Property.

37.   Each of the foregoing unfair settlement practices was committed with knowledge by Lipari,

and was a producing cause of Plaintiff's injuries and damages.

- 7 -

## MISREPRESENTATION OF INSURANCE POLICY VIOLATIONS

38.    Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

39.    Additionally, Allstate made misrepresentations about Plaintiff's insurance policy and claim in violation of TEX. INS. CODE § 541.061. All of Allstate's violations are actionable pursuant to TEX. INS. CODE § 541.151.

40.    Allstate engaged in deceptive insurance practices by making an untrue statement of material fact in violation of § 541.061(1). Specifically, Allstate misrepresented coverage and the true scope and amount of the claim despite reasonably clear evidence of damages due to wind and hail that made coverage for Plaintiff's claim reasonably clear.

41.    Each of the foregoing unfair settlement practices was committed with knowledge by Defendant, and was a producing cause of Plaintiff's injuries and damages.

## PROMPT PAYMENT OF CLAIMS VIOLATIONS (against Allstate)

42.    Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

43.    Plaintiff's Claim is a claim under the insurance Policy issued by Allstate, of which Plaintiff gave Allstate proper notice. As set forth more fully below, Allstate's conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE § 542.060.

44.    Specifically, Allstate violated the Prompt Payment of Claims provisions of TEX. INS. CODE § 542 by delaying payment of the Claim following Allstate's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time

- 8 -

provided by Tex. Ins. Code § 542.058. Specifically, Allstate delayed full payment of the

Claim and, to date, Plaintiff has still not received any payment on this Claim.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH (against Allstate)

45.   Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing

paragraphs.

46.   Since Plaintiff initially presented the Claim to Allstate, the liability of Allstate to pay the

full claim in accordance with the terms of the Policy was reasonably clear. The water

damage to Plaintiff's home did not occur before the wind and hail storm of April 18, 2016.

Allstate's contention that the interior damage was caused by excluded perils is illogical,

because surely the damage would have occurred far in advance of the hail and wind storm

of April 18, 2016. It is no coincidence that there was no damage prior to the storm, and

significant damage just after. The wind/hail damage to the property was at all times

reasonably clear during Allstate's claim investigation, such that any adjuster or insurance

carrier acting in good faith would know or should have known to acknowledge and accept

coverage for such damages. Instead, Allstate purposely failed to acknowledge and accept

full coverage for reasonably clear hail/wind damage. Alternatively, Allstate was grossly

negligent in failing to acknowledge and accept full coverage for the reasonably clear

wind/hail damages to the property.

47.   As a result of Allstate's outcome-oriented investigation, Allstate continues to refuse to pay

Plaintiff in full for the Claim.

48.   Allstate denied coverage and delayed payment for the full amount of Plaintiff's claim when

it had no reasonable basis for doing so. Allstate knew or should have known by the exercise

court costs, and attorneys' fees. For Defendants' knowing conduct in violating these laws, Plaintiff respectfully requests treble damages pursuant to TEX. INS. CODE § 541.152.

55. Pursuant to TEX. INS. CODE § 542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provisions, Plaintiff is entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and reasonable and necessary attorneys' fees.

56. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Allstate's breach, exemplary damages, and damages for emotional distress.

57. As a result of the necessity in engaging the services of an attorney to prosecute this claim, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

58. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is seeking monetary relief of between $100,000.00 and $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## VIII.
## JURY DEMAND

59. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury, and hereby tenders the appropriate jury fee.

## IX.
## WRITTEN DISCOVERY

60.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

61.     Attached to this petition are Plaintiff's Requests for Production and Plaintiff's Interrogatories.

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon trial hereof, final judgment be rendered for Plaintiff as follows:

1)     Judgment against Defendant for actual damages, including mental anguish, in an amount to be determined by the jury;

2)     Statutory penalties;

3)     Treble damages;

4)     Exemplary and punitive damages;

5)     Prejudgment interest as provided by law;

6)     Postjudgment interest as provided by law;

7)     Attorneys' fees;

8)     Costs of this suit; and

9)     Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE LANE LAW FIRM, PLLC**

By: /s/ Robert C. Lane
Robert C. Lane
State Bar No. 24046263
Jack D. Kitchen
State Bar No. 24084320
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
(713) 595-8200 – Telephone
(713) 595-8201 – Fax
**ATTORNEYS FOR PLAINTIFF,
MANUEL CANIZALES**

- 13 -

Filed
10/26/2016 11:24:37 AM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Michelle Jensen

### Annie Rebecca Elliott
### Fort Bend County District Clerk
*301 Jackson Street*
*Richmond, Texas 77469*
*Telephone 281-341-4509 Fax 281-341-4519*

## CIVIL CASE INFORMATION SHEET

**16-DCV-236544**

Fort Bend County - 240th Judicial District Court

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):* _____

STYLED MANUEL CANIZALES v. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND ANTHONY LIPARI

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** JENNIFER LAFATA  **Email:** JENNIFER.LAFATA@LANELAW.COM | **Plaintiff(s)/Petitioner(s):** MANUEL CANIZALES | ☐ Attorney for Plaintiff/Petitioner  ☐ *Pro Se* Plaintiff/Petitioner  ☐ Title IV-D Agency  ☐ Other: PARALEGAL |
| **Address:** 6200 SAVOY DRIVE, SUITE 1150  **Telephone:** 713-595-8200 | | Additional Parties in Child Support Case:  Custodial Parent: |
| **City/State/Zip:** HOUSTON, TX 77036  **Fax:** 713-595-8201 | **Defendant(s)/Respondent(s):** ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and ANTHONY LIPARI | Non-Custodial Parent: |
| **Signature:**  **State Bar No:** | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ Condemnation | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | ☐ Partition | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☐ Quiet Title | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Trespass to Try Title | ☐ With Children | **Title IV-D** |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Other Property: | ☐ No Children | ☐ Enforcement/Modification |
| | ☐ Legal | | | ☐ Paternity |
| *Foreclosure* | ☐ Medical | | | ☐ Reciprocals (UIFSA) |
| ☐ Home Equity—Expedited | ☐ Other Professional Liability: | **Related to Criminal Matters** | **Other Family Law** | ☐ Support Order |
| ☐ Other Foreclosure | ☐ Motor Vehicle Accident | ☐ Expunction | ☐ Enforce Foreign Judgment | **Parent-Child Relationship** |
| ☐ Franchise | ☐ Premises | ☐ Judgment Nisi | ☐ Habeas Corpus | ☐ Adoption/Adoption with Termination |
| ☐ Insurance | *Product Liability* | ☐ Non-Disclosure | ☐ Name Change | ☐ Child Protection |
| ☐ Landlord/Tenant | ☐ Asbestos/Silica | ☐ Seizure/Forfeiture | ☐ Protective Order | ☐ Child Support |
| ☐ Non-Competition | ☐ Other Product Liability List Product: | ☐ Writ of Habeas Corpus— Pre-indictment | ☐ Removal of Disabilities of Minority | ☐ Custody or Visitation |
| ☐ Partnership | | ☐ Other: | ☐ Other: | ☐ Gestational Parenting |
| ☐ Other Contract: | ☐ Other Injury or Damage: | | | ☐ Grandparent Access |
| | | | | ☐ Paternity/Parentage |
| | | | | ☐ Termination of Parental Rights |
| | | | | ☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | |
| ☐ Retaliation | ☐ Antitrust/Unfair Competition | ☐ Perpetuate Testimony | | |
| ☐ Termination | ☐ Code Violations | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Foreign Judgment | ☐ Tortious Interference | | |
| ☐ Other Employment: | ☐ Intellectual Property | ☐ Other: | | |

**EXHIBIT**

B-3

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ |

**3. Indicate procedure or remedy, if applicable (*may select more than 1*):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

☐ Less than $100,000, Including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

**5. Has this case been previously filed, or does it relate to a case previously filed, in this county or in another county or state?**

☐ NO
☐ YES, in another county or state; County_____ State_____ Cause #_____
☐ YES, in this county; Court; _____ Cause #_____

**6. Is a Pauper's Oath/Affidavit of Indigency and an IOLTA Certificate being filed with this suit?**

☐ YES, with Pauper's Oath/Affidavit of Indigency
☐ YES, with Pauper's Oath/Affidavit of Indigency and IOLTA Certificate
☐ NO

## Instructions for Completing the Texas Civil Case Information Sheet

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing. If the original petition, application or post-judgment motion is e-filed, the case information sheet must not be the lead document.

This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

The attorney or self-represented (*pro se*) plaintiff/petitioner filing the case or post-judgment motion should complete the sheet as follows:

**1. Contact information**

    **a) Contact information for person completing case information sheet.** Enter the following information:

- name;

- address;

- city, state, and zip code;

- email address;

- telephone number;

- fax number, if available;

- State Bar number, if the person is an attorney; and

- signature.

    **b) Names of parties in the case.** Enter the name(s) of the:

- plaintiff(s) or petitioner(s);

- defendant(s) or respondent(s); and

- in child support cases, additional parties in the case, including the:

  - custodial parent;

  - non-custodial parent; and

  - presumed father.

    Attach an additional page as necessary to list all parties.

    **c) Person or entity completing sheet is.** Indicate whether the person completing the sheet, or the entity for which the sheet is being completed, is:

- an attorney for the plaintiff or petitioner;

- a *pro se* (self-represented) plaintiff or petitioner;

- the Title IV-D agency; or

- other (provide name of person or entity).

**2. Case type.**

    Select the case category that best reflects the most important issue in the case. *You must select only one.*

**3. Procedure or remedy.**





If applicable, select any of the available procedures or remedies being sought in the case. You may select more than one.

4.   **Has this case been previously filed, or does it relate to a case previously filed, in this county or in another county or state?**

Select the proper check box and provide additional information if applicable.

5.   **Is a Pauper's Oath/Affidavit or Indigency and an IOLTA Certificate being filed with this suit?**

Select the proper check box.

Filed
10/26/2016 11:24:37 AM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Michelle Jensen

# ANNIE REBECCA ELLIOTT
## Fort Bend County District Clerk
### 301 Jackson, Richmond, TX  77469

## REQUEST FOR PROCESS
### All sections must be completed for processing this request.

**Section 1:**
Cause No. **16-DCV-236544**                          Date **10/26/2016**
Style:

Manuel Canizales

VS

Allstate Vehicle and Property Insurance Company and Anthony Lipari

**Section 2:**
## Check Process Type:

■ Citation   ☐ Precept to Serve / Notice of Hearing   ☐ Temporary Restraining Order

☐ Application for Protective Order / Temporary (Ex Parte) Protective Order

☐ Notice of Registration of Foreign Judgment   ☐ Citation by Posting

☐ Writ of _____   ☐ Other _____

☐ Citation by Publication* - Newspaper: _____

* (All publications are sent to: **Fort Bend Independent**, P.O. Box 623, (12551 Emily Court) • Sugar Land, Texas 77487)

* **(Unless another newspaper is specified** – FBC Constable will only serve within their jurisdiction.)

## APPLICATION FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A SEPARATE FORM

**Section 3:**
### Title of Document/Pleading to be attached for service: Plaintiff's Original Petition

_____

_____

**Note: You must furnish _one copy_ of the document/pleading for _each_ party served.**

**Section 4: PARTIES TO BE SERVED** (Please type or print):

1. Name: C.T. Corporation System for Allstate Vehicle and Property Insurance Company

   Address: 1999 Bryan Street, Suite 900

   City: Dallas                    State: Texas              Zip: 75201-3140

2. Name: Anthony Lipari

   Address: 8101 Tranquil Lake Way

   City: Conroe                    State: Texas              Zip: 77385

Request Process Form
Revised: 2014/12

16-DCV-236544
REQU
Request
4459721

2 of 2

**EXHIBIT**
tabbies

B-4

3. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

4. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

5. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

**Section 5**

## Check Service Type:

☐ No Service                    ☐ Secretary of State

☐ Sheriff                       ☐ Commissioner of Insurance

☐ Constable Pct.                ☐ Out of County

☐ Out of State                  ☒ Private Process

☐ Certified Mail                ☐ Registered Mail  (Out of Country)

**Section 6 (ONLY if Section 7 does not apply)**

**Attorney Name:** Robert Lane _____

Address: 6200 Savoy Drive, Suite 1150 _____

                                                Street/P.O. Box

    Houston _____  Texas _____  77036 _____
           City                            State               Zip

Attorney's Telephone No. 713-595-8200 _____ Attorney's Bar No. 24046263 _____

**Section 7 (ONLY if Section 6 does not apply)**

## Pro-Se Name:_____

Address:_____
                                      Street/P.O. Box

    _____  _____  _____
           City                            State               Zip

Telephone No. _____

**Section 8**

## Check Delivery Type:

■ Hold for pick up      ☐ Mail to Attorney      ☐ Mail to Pro-Se Party

**16-DCV-236544**

Filed
10/26/2016 11:24:37 AM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Michelle Jensen



# ANNIE REBECCA ELLIOTT
## Fort Bend County District Clerk
### 301 Jackson, Richmond, TX 77469

Telephone: (281) 341-4509
Fax: (281) 341-4519

Cause No: _____

Style:
MANUEL CANIZALES                          §        In  The  District  Court

v. _____                      §        _____ Judicial District

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND ANTHONY LIPARI   §        Fort Bend County,  Texas

$40.00 - Jury Fee Paid by: Robert C. Lane - The Lane Law Firm

Respectfully submitted,

Robert C. Lane, The Lane Law Firm

State Bar No. 24046263

6200 Savoy Drive, Suite 1150

Houston, Texas 77036

713-595-8200 _____ - Office
713-595-8201 _____ - Facsimile
notifications@lanelaw.com _____ - Email

Attorney for  Manuel Canizales



EXHIBIT

B-5

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

THE STATE OF TEXAS

CITATION

TO:   **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201-3140**

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **October 26, 2016,** a default judgment may be taken against you.  Said answer may be filed by mailing same to: District Clerk's Office, 301 Jackson, Richmond, Texas 77469; or by bringing it to the office.  Our street address is 1422 Eugene Heimann Circle, Richmond, Texas 77469.  We are located on the first floor of the Courthouse building.

The case is presently pending before the **240TH JUDICIAL DISTRICT COURT** of Fort Bend County, Texas, and was filed **on October 26, 2016.** It bears cause number **16-DCV-236544** and is styled:

**MANUEL CANIZALES VS ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND ANTHONY LIPARI**

The name and address of the attorney for **PLAINTIFF** is:

**ROBERT C. LANE**
**THE LANE LAW FIRM PLLC**
**6200 SAVOY DRIVE SUITE 1150**
**HOUSTON TX 77036-3300**
**713-595-8200**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 28th day of October, 2016.**

**DISTRICT CLERK ANNIE REBECCA ELLIOTT**
**Fort Bend County, Texas**

By: _____

**Deputy District Clerk DEBRA ELIZONDO**
**Telephone: (281) 344-3959**

**SERVICE**

**EXHIBIT**
B-6

16-DCV-236544                                    **240th Judicial District Court**
**Manuel Canizales vs Allstate Vehicle and Property Insurance Company and Anthony Lipari**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock _____M.

Executed at _____, within the County of ___

_____, at _____o'clock ____M* on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together with

the accompanying copy of the petition, having first attached such copy of such petition to such copy of

citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                          (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                                    (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

THE STATE OF TEXAS

CITATION

TO:   ANTHONY LIPARI
      8101 TRANQUIL LAKE WAY
      CONROE TX 77385

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **October 26, 2016,** a default judgment may be taken against you.  Said answer may be filed by mailing same to: District Clerk's Office, 301 Jackson, Richmond, Texas 77469, or by bringing it to the office.  Our street address is 1422 Eugene Heimann Circle, Richmond, Texas 77469.  We are located on the first floor of the Courthouse building.

The case is presently pending before the **240TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas, and was filed on **October 26, 2016.** It bears cause number **16-DCV-236544** and is styled:

**MANUEL CANIZALES VS ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND ANTHONY LIPARI**

The name and address of the attorney for **PLAINTIFF** is:

**ROBERT C. LANE
THE LANE LAW FIRM PLLC
6200 SAVOY DRIVE SUITE 1150
HOUSTON TX 77036-3300
713-595-8200**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved, issued under my hand and seal of said Court, at Richmond, Texas, **on this the 28th day of October, 2016.**

**DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas**

By: _____
    Deputy District Clerk DEBRA ELIZONDO
    Telephone: (281) 344-3959

16-DCV-236544
ISSU
Issuance
4463105

FILE

**EXHIBIT**

B-7



# ANNIE REBECCA ELLIOTT
### DISTRICT CLERK
### Fort Bend County, Texas

October 28, 2016

**16-DCV-236544**
**MANUEL CANIZALES VS ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY AND ANTHONY LIPARI**

## <u>NOTICE</u>

The attachments to this notice are intended for **ROBERT LANE  713-595-8200**.
If you have received them in error, please return to the District Clerk's Office.

Do not take papers that are not intended for you.

Thank you.

ANNIE REBECCA ELLIOTT
District Clerk



---

**Physical Address**
1422 Eugene Heimann Circle, Room 10142

16-DCV-236544
LETT
Letters
4463112

http://www.fortbendcountytx.gov
Phone: (281) 341-4509
Fax: (281) 341-4519

**FILE**

**Mailing Address**
301 Jackson, Room 101
Richmond, Texas  77469

**EXHIBIT**
B-8

Filed
11/11/2016 10:01:46 AM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Debra Elizondo

**CAUSE NO. 16-DCV-236544**

| | | |
|---|---|---|
| MANUEL CANIZALES, | § | |
| **PLAINTIFF** | § | |
| | § | IN THE 240TH DISTRICT COURT |
| VS. | § | |
| | § | FORT BEND COUNTY, TX |
| ALLSTATE VEHICLES AND PROPERTY | § | |
| INSURANCE COMPANY AND ANTHONY | § | |
| LIPARI, | § | |
| **DEFENDANT** | § | |

**RETURN OF SERVICE**

**ON Wednesday, November 02, 2016 AT 04:41 PM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, PLAINTIFF'S REQUESTS FOR PRODUCTION OF DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, PLAINTIFF'S INTERROGATORIES TO DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY **CAME TO HAND.**

**ON Wednesday, November 09, 2016 AT 02:15 PM, I, CAROL THARP, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, C/O CT CORPORATION SYSTEM, BY DELIVERING TO LAURA PEREZ, SOP INTAKE ASSOCIATE, 1999 BRYAN STREET SUITE 900, DALLAS, DALLAS COUNTY, TX, 75201.

My name is CAROL THARP. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (SCH 01222, expires Sunday, April 30, 2017). My date of birth is ▓▓▓▓▓ I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Tarrant County, Texas on Wednesday, November 09, 2016.

/S/ CAROL THARP

DocID: P240534_2

. Cumbre.Canizales



EXHIBIT

B-9

Filed
11/16/2016 10:02:04 AM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Layla Helton

## CAUSE NO. 16-DCV-236544

| | | |
|---|---|---|
| MANUEL CANIZALES, **PLAINTIFF** | § § § | IN THE 240TH DISTRICT COURT |
| VS. | § § | FORT BEND COUNTY, TX |
| ALLSTATE VEHICLES AND PROPERTY INSURANCE COMPANY AND ANTHONY LIPARI, **DEFENDANT** | § § § § | |

### RETURN OF SERVICE

**ON Wednesday, November 2, 2016 AT 04:41 PM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, PLAINTIFF'S REQUESTS FOR PRODUCTION OF DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, PLAINTIFF'S INTERROGATORIES TO DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY **CAME TO HAND.**

**ON Tuesday, November 15, 2016 AT 05:19 PM, I, A J SIMPSON, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** ANTHONY LIPARI, 8101 TRANQUIL LAKE WAY, CONROE, MONTGOMERY COUNTY, TX, 77385.

My name is A J SIMPSON. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (SCH 05622, expires Friday, August 31, 2018). My date of birth is ▉▉▉ I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, Texas on Tuesday, November 15, 2016

/S/ A J SIMPSON

DocID: P240534_1

. Cumbre.Canizales



Filed
12/5/2016 8:51:21 AM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Debra Elizondo

## CAUSE NO. 16-DCV-236544

| | | |
|---|---|---|
| MANUEL CANIZALES, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | FORT BEND COUNTY, TEXAS |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY | § | |
| and ANTHONY LIPARI, | § | |
| | § | |
| **Defendants.** | § | 240th JUDICIAL DISTRICT |

### ORIGINAL ANSWER OF ALLSTATE VEHICLE
### AND PROPERTY INSURANCE COMPANY AND ANTHONY LIPARI

Allstate Vehicle and Property Insurance Company and Anthony Lipari ("Defendants"),

Defendants in the above-entitled action, file their Original Answer and would show:

#### I.
#### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny

each and every, all and singular, the allegations in Plaintiff's Original Petition, and, since they

are allegations of fact, requests that the Plaintiff be required to prove them by a preponderance of

the credible evidence as is required by state law.

WHEREFORE, Defendants request that upon trial and hearing hereof, Plaintiff recover

nothing from Defendants, and that Defendants recover all costs of court and such other and

further relief at law or in equity to which they may be justly entitled.

ORIGINAL ANSWER OF ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY AND ANTHONY LIPARI – Page 1
2603391v1
03646.642



EXHIBIT
B-11

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Bradford K. Burdette*
Bradford K. Burdette
State Bar No. 03364700
bburdette@thompsoncoe.com
Roger D. Higgins
State Bar No. 9601500
rhiggins@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8289
Facsimile: (214) 871-8209

**ATTORNEYS FOR DEFENDANTS
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY and ANTHONY
LIPARI**

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2016, a true and correct copy of the foregoing document was served upon all known counsel by electronic service in accordance with the Texas Rules of Civil Procedure:

Robert C. Lane
Jack D. Kitchen
The Lane Law Firm, PLLC
6200 Savoy Drive, Suite 1150
Houston, Texas 77036

*/s/ Bradford K. Burdette*
Bradford K. Burdette